**JOE TON FON v. WEEDIN, Commissioner of Immigration.**

**No. 6152.**

Circuit Court of Appeals, Ninth Circuit.
Nov. 10, 1930.

S. A. Keenan, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., of counsel), for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

The appellant, claiming to have been born in San Francisco November 19, 1886, sought admission at the port of Seattle in January, 1930. He claims that he departed for China in 1894 and has resided there continuously, excepting two years spent in Singapore. He was denied admission by the immigration authorities and filed a petition for writ of habeas corpus with the United States District Court for the Western District of Washington. The writ was issued, return made of all the proceedings before the immigration authorities, and appellant was remanded for deportation. Appellant does not claim that he was not given full opportunity to present his case to the immigration authorities. He bases his contention entirely upon the insufficiency of the evidence to justify a rejection of his own sworn testimony as to his citizenship and the corroborating testimony presented by him. No good purpose will be subserved by setting forth herein the evidence nor the voluminous findings of the Special Board of Inquiry, nor the findings of the Board of Review at Washington after argument before that Board. Suffice it to say that the Board of Special Inquiry and the Board of Review were convinced that the appellant was not the son of his alleged father and was not born in San Francisco. This conclusion was partly based upon the fact that a month after the appellant was examined with reference to his entry into the United States a letter written in Chinese was discovered in his possession addressed to an uncle named Gah Yee and signed "Nephew Sui Jun." The explanations given by the appellant with reference to the authorship of this letter were inconsistent with its contents, and on the other hand its contents were consistent with appellant's authorship thereof. After an examination of the record we cannot say that the conclusion of the immigration authorities was unreasonable or unfair.

Order affirmed.